UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DENNY ANDREW FLOYD, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case Nos. 1:14-cr-89-HSM-SKL ) 1:16-cv-45-HSM ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) ) |

## MEMORANDUM OPINION

Petitioner Denny Andrew Floyd ("Petitioner") has filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion") [Doc. 207].[1] The United States of America (the "Government") has filed a response in opposition [Doc. 212], and the motion is now ripe. For the reasons that follow, the Court finds an evidentiary hearing is not necessary, and the 2255 Motion shall be **DENIED**.

### I. BACKGROUND

In August 2014, a federal grand jury charged Petitioner in a multi-defendant Indictment with conspiracy to manufacture and distribute 50 grams of more of methamphetamine (actual) and 500 grams or more of a methamphetamine mixture (Count One), conspiracy to distribute pseudoephedrine (Count Two), possession of a firearm after a felony conviction (Count Three), and possession of chemicals used to manufacture methamphetamine (Count Five) [Doc. 1]. Pursuant to an amended written plea agreement, Petitioner pleaded guilty to Count One on November 12, 2014, with a bargain that the other charges would be dismissed at sentencing [Docs.

---

[1] All citations to the district court record are to the docket of the underlying criminal case.

75, 76]. Petitioner was sentenced as a career offender under § 4B1.1 of the applicable advisory United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") to 155 months' imprisonment.

As acknowledged during his plea colloquy and under his amended plea agreement, Petitioner specifically admitted his guilt and the supporting factual basis for his plea [Doc. 75 at Page ID # 162-65].[2] He also agreed to waive his right to file a direct appeal except that he retained the right to appeal a sentence imposed above the sentencing guideline range or any applicable mandatory minimum (whichever is greater) as determined by the Court [*id*. at Page ID # 168-69]. He also waived the right to file any pleadings under 28 U.S.C. § 2255 except for claims of ineffective assistance of counsel or prosecutorial misconduct not known to him by the time of the entry of judgment [*id*.]. In exchange for Petitioner's guilty plea to Count One, the Government agreed to move for dismissal of the remaining counts against Petitioner and agreed to a three level reduction in Petitioner's Guidelines calculation for acceptance of responsibility [*id.* at Page ID # 162,165-66].

The amended plea agreement also specifically advised Petitioner that the Count One offense he admitted committing carried a punishment of "[i]mprisonment for a term of at least ten years and up to life; supervised release for at least five (5) years and up to life; a fine up to $10,000,000; any lawful restitution; and a $100 special assessment fee." [*Id.* at Page ID # 162]. Moreover, Petitioner acknowledged that any estimates or predictions made to him by his counsel

---

[2] The record does not contain a transcript of the plea colloquy or sentencing/judgment proceedings. Petitioner, however, has not challenged that the plea colloquy fully complied with all of the requirements of the Federal Rules of Criminal Procedure. Absent clear and convincing evidence to the contrary, a defendant is bound by his or her plea agreement and representations made under oath during a plea colloquy. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.") (Internal quotation marks and citations omitted).

2

(or anyone else) regarding any potential sentence was not binding on the Court and could not be used as a basis to rescind his amended plea agreement or withdraw his guilty plea [*id.* at Page ID # 166]. Petitioner also acknowledged that his sentence would be determined by the Court after reviewing the Presentence Investigation Report ("PSR") based upon the entire scope of the Petitioner's criminal conduct, criminal history, and other factors and guidelines under 18 U.S.C. § 3553 [*id.*].

As he was determined to be a career offender with 39 prior convictions, Petitioner's criminal history category was VI with a base offense level of 37 reduced to 34 for his acceptance of responsibility [Doc. 110 at Page ID # 249-57, ¶¶ 26-29, 32-57, 61]. The resulting sentence range under the applicable advisory Guidelines was 262 to 327 months' imprisonment [*id.* at Page ID # 261, ¶ 88]. Petitioner filed a notice of no objections to the PSR, and a motion for downward variance [Docs. 112, 124]. In his motion for a variance, Petitioner argued an enhancement through the career offender guideline was excessive because his prior sentences were short and he participated in the conspiracy "only to feed his addiction." [Doc. 124 at Page ID # 333]. The Government also filed a motion for a downward departure [Doc. 169].

As noted, the Court sentenced Petitioner to 155 months' imprisonment, a sentence significantly below the advisory Guidelines range and dismissed the remaining charges against Petitioner [Docs. 171, 172]. The Court ordered the sentence to run concurrently with Petitioner's state court sentence for a related drug felony, and adjusted his sentence to reflect the time he had already served [*id.*]. Consistent with the waiver of most of his appeal and collateral relief rights

in his amended plea agreement, Petitioner did not file a direct appeal. Instead, he timely filed his § 2255 Motion.[3]

Petitioner asserts four grounds for § 2255 relief. First, he argues one of his prior aggravated assault convictions was not serious, he was coerced into pleading guilty in that conviction, and his attorney in that previous case did not advise him that his conviction could be used against him in the future, and therefore, that conviction should not have been used to enhance his sentence [Doc. 207 at Page ID # 917]. Second, Petitioner claims his counsel was ineffective because she did not "fight" to have the sentence run concurrently, she did not ask if Petitioner could keep his right to appeal, she did not keep the firearm out of his PSR, and her investigator did not arrange for the victim in one of his aggravated assault convictions to testify at the sentencing hearing [*id*. at 918-19]. Third, Petitioner argues that his sentence is illegal because his state and federal charges should run concurrently [*id*. at 920]. Fourth, Petitioner claims he was "charged with the wrong weight" because only a portion of the 152 grams of pseudoephedrine should have been used to determine the drug weight attributable to him [*id*. at 921].

---

[3] On December 22, 2016, long after the time for filing any reply to the Government's response to the 2255 Motion, Petitioner filed an unsworn letter that the Court has treated as a motion to reduce his sentence in light of Amendment 782 [Doc. 225]. In the letter, Petitioner mentions certain aspects of the Government's response to the 2255 Motion and names the victim, and suggests he would drop his 2255 Motion *if* his motion for a reduced sentence were granted [Doc. 225]. The Government has opposed the motion to reduce sentence under Amendment 782, because the sentence was not based upon a drug quantity but was instead based upon Petitioner's career offender classification [Doc. 226]. Appointed counsel filed a report stating he "found no basis to question the use of these prior convictions as predicates under the Career Criminal guideline." [Doc. 231 at Page ID # 1011]. On November 30, 2018, Petitioner filed an additional motion requesting reduction pursuant to 18 U.S.C. § 3582 and retroactive application of Amendment 782, which is not addressed herein [Doc. 242]. The motions to reduce sentence remain pending, and are not addressed herein. Petitioner has also filed several other motions related to how his sentence is "run," which also are not addressed herein [Docs. 198, 201, 204, 222, 239, 240, 241].

## II.     STANDARD of REVIEW

### A.     Threshold Standard

Under 28 U.S.C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence, if he claims that the sentence was imposed in violation of the Constitution or laws of the United States; that the court lacked jurisdiction to impose the sentence; or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. As a threshold standard, to obtain post-conviction relief under § 2255 a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A petitioner bears the burden of demonstrating an error of constitutional magnitude that had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley,* 512 U.S. 339, 353-54 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

Claims other than those of ineffective assistance of counsel are procedurally defaulted if not raised on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). "In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado v.*

*United States*, 334 F.3d 520, 528 (6th Cir. 2003). *See also Bousley*, 523 U.S. at 622-23. This hurdle a petitioner faces to excuse procedural default is "intentionally high[,]… for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).

Without a doubt, a defendant "may waive any right, even a constitutional right, by means of a plea agreement" if he does so knowingly and voluntarily. *See United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012) (quoting *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004), *accord United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001); *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995). As a result, "a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450-52 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). A waiver of such rights may be challenged only "on the grounds that it was not knowing and voluntary, was not taken in compliance with Fed. R. Crim. P. 11, or was the product of ineffective assistance of counsel." *United States v. Detloff*, 794 F.3d 588, 592 (6th Cir. 2015) (quoting *United States v. Atkinson*, 354 F. App'x 250, 252 (6th Cir. 2009)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from [the face of] the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)).

If the motion is not summarily dismissed under Rule 4(b), Rule 8(a) requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. Defendant's burden of establishing that he is entitled to an evidentiary hearing is relatively light. *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). Where the defendant presents an affidavit containing a factual narrative that is neither inherently incredible nor contradicted by the record and the government offers nothing more than contrary representations in response, the defendant is entitled to an evidentiary hearing. *Martin*, 889 F.3d at 832 (quoting *Huff*, 734 F.3d at 607). An evidentiary hearing is not required if "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* at 832 (quoting *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (internal quotation marks omitted).

B. **Standard for Ineffective Assistance of Counsel**

Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (citation omitted). That test provides that, to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id*. (citing *Strickland*, 466 U.S. at 687).

7

The first prong requires a petitioner to show his attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, *i.e.*, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established for the petitioner to meet his burden, it held there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry.

*Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id*.

**III. ANALYSIS**

As a preliminary matter, because Petitioner knowingly and voluntarily waived his right to file a § 2255 motion with few exceptions, he has waived his right to collaterally attack (1) the use of his prior state court conviction and whether it was the result of an allegedly involuntary plea; and (2) his sentence and whether it should run concurrent or was allegedly based on a greater drug weight than should have been attributed to him. *See Watson*, 165 F.3d at 489; *Daniels v. United States*, 532 U.S. 374, 382 (2001). Moreover, Petitioner's sentence was imposed concurrent and was properly based on his status as a career offender so the amount of drug attributable to him did not factor into the advisory Guidelines range determination. Even if the drug weight had been a factor, however, his attack on the advisory Guidelines calculations would not generally be cognizable under § 2255. *United States v. Riggins*, 677 F. App'x 268, 271 (6th Cir. 2017) (holding an erroneous Guidelines calculation is not a miscarriage of justice that will void an appellate waiver) (citing *United States v. Weld*, 619 F. App'x 512, 513 (6th Cir. 2015)); *see also United States v. Allen*, 635 F. App'x 311, 314-15 (6th Cir. 2016), *cert. denied*, 136 S. Ct. 2041 (2016) (holding that because the defendant merely sought to challenge the district court's calculation of his advisory Guidelines range, the district court's discretionary decision regarding the extent to the U.S.S.G. § 5K1.1 departure, and the consecutive nature of defendant's sentence, enforcing the waiver would not result in a miscarriage of justice)); *Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011).

In addition, these arguments are procedurally defaulted because Petitioner failed to raise them on direct appeal. *See Bousley*, 523 U.S. at 621. Further, Petitioner has not attempted to show

9

good cause for failure to raise his claim on appeal, prejudice if unable to proceed, or actual innocence. Therefore, the Court will not further consider these arguments, and will only consider Petitioner's claims for ineffective assistance of counsel, which may be properly raised in a § 2255 motion.

Petitioner has alleged four claims of ineffective assistance of counsel, which will be addressed below in turn.

### A. Concurrent Sentence Issue

In addition to attempting to raise the issue of a concurrent sentence as a stand-alone claim, Petitioner claims his counsel was ineffective because "she didn't object or fight to have [his] sentences run together" at sentencing [Doc. 207 at Page ID # 918]. At the time of sentencing, Petitioner was serving sentences for unrelated probation violations in two of his prior convictions and also serving a state sentence in a related felony drug charge [Doc. 110, at Page ID # 256-57, ¶¶ 56, 57]. Pursuant to U.S.S.G. § 5G1.3(b), sentences for prior convictions that are related to the instant offense should run concurrently and should be adjusted to reflect the time already served in state custody [*id*. at Page ID # 261 at ¶ 89]. On the other hand, for an offense committed while serving any unrelated term of supervision, the sentence should run consecutively to that sentence [*id*.]. Following the Guidelines, the Court ordered Petitioner's sentence to run concurrently with his state court sentence for the related drug felony, and adjusted his sentence to reflect the time he had already served [Doc. 172].

First, in making this § 2255 claim Petitioner fails to recognize that his federal sentence *was* ordered to run concurrent to his state sentence for the related drug offense. Second, if Petitioner is attempting to argue counsel should have fought to have his federal sentence run concurrent to his unrelated state probation violations, the Guidelines require that "[i]f the instant offense was

10

committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense *shall be imposed to run consecutively* to the undischarged term of imprisonment." U.S.S.G. § 5G1.3(a) (emphasis added). The judgment in this case properly stated, "The term of imprisonment imposed by this judgment shall run concurrently with the defendant's term of imprisonment pursuant to the judgment in Docket Number 9789, Criminal/Circuit Court, Marion County, Tennessee. This sentence is being adjusted to reflect 9 months, time served, pursuant to U.S.S.G. § 5G1.3(b). This period of imprisonment will not be credited by the Bureau of Prisons." [Doc. 172 at Page ID # 556].

Accordingly, Petitioner's counsel was not ineffective in this regard and Petitioner has not established any factual dispute requiring a hearing or a basis for relief under *Strickland* with respect to this issue.

### B. Revising Amended Plea Agreement Terms at Sentencing

Petitioner claims that his counsel was ineffective at sentencing for failing to ask whether he could change the terms of the amended plea agreement and retain his right to file a direct appeal [Doc. 207 at Page ID # 918].[4] First, Petitioner ignores he retained some rights to appeal a sentence (although not applicable in this case because the imposed sentence was far below the Guidelines range and any applicable mandatory minimum). Second, he has made no showing that either the Government or the Court would have agreed to a last minute change of the terms of the amended plea agreement at the sentencing hearing.

It is beyond dispute that Petitioner was alerted to the waivers in the plea colloquy. Even if counsel failed to seek a last minute change to the amended plea agreement at sentencing, Petitioner

---

[4] Petitioner has not claimed he instructed his counsel to appeal.

11

can demonstrate no prejudice under *Strickland*. Petitioner has not asserted—and given the Court's usual plea colloquy, cannot assert—any challenge to the validity of the appeal waiver in his amended plea agreement or that his plea was not knowing and voluntary. *See United States v. Contreras-Armendariz*, 207 F. App'x 594, 597 (6th Cir. 2006) ("The record reflects that Contreras had a full understanding of the direct consequences of his plea, including the fact that he could not withdraw that plea in the event that his counsel's predictions regarding the applicable guidelines range were incorrect, and that his plea represented a voluntary and intelligent choice among the alternatives he faced. The claim that his plea was not knowing and voluntary is wholly without merit.").

The Court concludes that Petitioner received significant benefit via his amended plea agreement and the Government's motion for a downward departure. Petitioner has not shown his counsel was ineffective or that he was prejudiced by any failure of his counsel to seek a last minute (and unlikely) revision to his amended plea agreement to allow greater direct appeal rights. Accordingly, Petitioner's counsel cannot have been ineffective in this regard and he has not established any factual dispute requiring a hearing or a basis for relief under *Strickland* with respect to this issue.

### C. Gun in PSR Claim

Petitioner argues his counsel was constitutionally ineffective because "she said she would keep the gun out of my P.S.R." and failed to do so [Doc. 207 at Page ID # 918]. Such a request would not have been successful given the function of the PSR is to inform the Court. While there was a sentence regarding the .22 caliber rifle found in his trailer home in Petitioner's amended plea agreement [Doc. 75 at Page ID # 164], the charge of felon in possession of a firearm was dismissed upon motion of the Government pursuant to the same amended plea agreement. Further,

12

as Petitioner's Guidelines range was based on his status as a career offender, his sentence was not adversely affected by the mention of the firearm in the PSR. As the Court (and the PSR writer) did not assess the two level enhancement for possession of a weapon in connection with the drug trafficking offense [Doc. 110 at Page ID # 247-48, ¶¶ 15, 21], Petitioner has not established any prejudice under *Strickland*. Accordingly, Petitioner's counsel was not ineffective in this regard and Petitioner has not established any factual dispute requiring a hearing or a basis for relief under *Strickland* with respect to this issue.

### D. Witness at Sentencing

Finally, Petitioner argues that his counsel was ineffective for failing to locate, interview, and call as a witness at Petitioner's sentencing hearing the victim in one of the aggravated assault convictions in an attempt to "keep [him] from being enhanced." [Doc. 207 at Page ID # 919]. Petitioner appears to contend the victim could have proven his state court plea was involuntary.

First, Petitioner has not provided evidence of what this victim could say if called to testify and what impact that testimony would have on the outcome. *See, e.g., Goldsby v. United States*, 152 F. App'x 431, 436 (6th Cir. 2005) (petitioner must produce enough evidence to demonstrate a reasonable probability that the outcome would have been different.); *Malcum v. Burt,* 276 F. Supp. 2d 664, 679 (E.D. Mich. 2003) ("To present an ineffective assistance of counsel claim based on a failure to call a witness, a defendant must make an affirmative showing as to what the missing evidence would have been and prove that the witness' testimony would have produced a different result."). Second, counsel's tactical decisions about which witnesses to call—including a decision not to call a witness—are entitled to a strong presumption of reasonableness. *Strickland,* 466 U.S. at 689. Live testimony is unpredictable and could have hurt Petitioner at sentencing, especially given the Government's opportunity to cross-examine the victim (and perhaps its ability to

reconsider its motion for downward departure). Petitioner presented no affirmative proof, such as a declaration of what the victim would have said, or shown a reasonable probability of how any testimony from the victim would have changed the outcome of his sentencing. A strategic decision, such as whether to call a witnesses "cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness." *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001).

Third, Petitioner had the opportunity to address the Court at his sentencing. As previously noted, in an unsworn letter submitted in connection with a motion to reduce his sentence, Petitioner now alludes to certain aspects of his state court plea to one of his aggravated assaults, names his victim, and complains about his state court attorney's advice [Doc. 225]. Nothing prevented Petitioner from saying this and even more in his allocution, including whatever he thinks the victim might say. However, in determining whether a prior conviction is a crime of violence, this Court employs the categorical approach and "look[s] not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding [crime of violence]." *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) (citation omitted) (quotation marks omitted). The Court must look at the crime of conviction, "not the facts underlying the case[.]" *Id*.

"The presumption of validity that attache[s] to the prior conviction at the time of sentencing is conclusive and the defendant may not collaterally attack his prior conviction through a motion under §2255." *Daniels v. United States*, 532 U.S. 374, 382 (2001) (holding that a defendant in a federal sentencing proceeding cannot use a § 2255 motion to collaterally attack prior state convictions used to enhance his sentence). The only exceptions to this rule are inapplicable as Petitioner had counsel in the underlying conviction and has not shown he had no channel of review

14

available upon conviction. *See id.*; *Steverson v. Summers*, 258 F.3d 520, 524 (6th Cir. 2001) (holding a petitioner cannot rely on § 2255 to challenge his prior convictions used to enhance his federal sentence).

Accordingly, Petitioner's counsel was not ineffective in this regard and Petitioner has not established any factual dispute requiring a hearing or a basis for relief under *Strickland* with respect to this issue.

## IV.    CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c)(1), a petitioner may appeal a final order in a § 2255 case only if he is issued a COA. A COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where a claim has been dismissed on the merits, a petitioner must show that reasonable jurists would find the assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right, as jurists of reason would not debate the Court's findings as to any of Petitioner's claims that were addressed on their merits. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA **SHALL NOT ISSUE**.

## V.    CONCLUSION

For the reasons stated herein, the Court finds that no evidentiary hearing is necessary and that Petitioner is not entitled to § 2255 relief. The 2255 Motion [Doc. 207] is therefore **DENIED** and **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

　　　　　　　　　　　　　　　　　　　　*/s/ Harry S. Mattice, Jr.*
　　　　　　　　　　　　　　　　　　　　HARRY S. MATTICE, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE